1

2

3       IN THE UNITED STATES DISTRICT COURT

        FOR THE NORTHERN DISTRICT

        OF NEW YORK

4       ------------------------------------------------

5   JACK A. BLACK, as Administrator of the Goods
    and Chattels, Rights and Credits of
6   Christopher A. Black,
                        Plaintiff,          77-CV-279
7               -vs-
                                            79-CV-92
8   CORNELL UNIVERSITY and PAUL M. DARSIE, M.D.,

9                   Defendants.

10      ------------------------------------------------

11              Proceedings in the above-entitled matter

12      came on before the United States District Court,

13      Northern District of New York, U. S. Court House,

14      Syracuse, New York, on July 13, 1981, in chambers,

15      before the HONORABLE HOWARD G. MUNSON, Chief

16      U. S. District Court Judge for the Northern

17      District of New York.

18

19

20

21   Reported By:

22   Hiram F. Sheffer
     U. S. District Court Reporter
23

24

25

2

1    APPEARANCES:

2            FOR THE PLAINTIFF:   MATHEWS & LOVE, ESQS.
                                  University Building,
3                                 Syracuse, New York  13202

4                                 BY:  VERNER R. LOVE, ESQ.,
                                       Of Counsel.
5

         FOR THE DEFENDANT:   HANCOCK, ESTABROOK, RYAN,
6            (Cornell)                      SHOVE & HUST, ESQS.
                                  One MONY Plaza
7                                 Syracuse, New York    13202

8                                 BY:  DONALD McCARTHY, ESQ.
                                       Of Counsel.
9

         FOR THE DEFENDANT:   SMITH, SOVIK, KENDRICK,
10           (Dr. Darsie)           McAULIFFE & SCHWARZER, ESQS.
                                  Empire Building,
11                                Syracuse, New York    13202

12                                BY:  LAURENCE SOVIK, ESQ.,
                                       Of Counsel.
13

14

15

16

17

18

19

20

21

22

23

24

25

THE COURT:  All right, Mr. McCarthy.

MR. McCARTHY:  If your Honor please, after some discussions here this morning, I think that Mr. Love and I have agreed with respect to a settlement of the Plaintiff's action, the first action that he brought, which was against Cornell University.

But of course, as your Honor knows, a motion was brought on by the Plaintiff some-time last year to consolidate the two actions, the action against Cornell, and a second action that was brought against Dr. Darsie, and I think primarily in order to effect the settlement we would ask that your Honor sever those two actions.

Thereafter it is anticipated that the action against Cornell University and also claims based against the University as the agent, its employees or servants, and arising out of the incident which ultimately led to the death of Christopher Black, with the exception of the action brought against its employee, Dr. Darsie, for his alleged negligence and malpractice, all be discontinued and settled on the merits.

4

1          And also that the cost claim that was

2     interposed against Dr. Darsie would be dis-

3     continued at this time in, and of course all

4     of the considerations for, this disposition

5     would be the payment by representatives of

6     Cornell University to the Plaintiff in the

7     sum of $55,000.

8          THE COURT:  And that would include any

9     claim that the Plaintiff's Administrator

10    would have for wrongful death or conscious

11    pain and suffering?

12         MR. McCARTHY:  Yes, and/or.

13         THE COURT:  Mr. Love?

14         MR. LOVE:  Yes, I agree with that and

15    I will join in the motion.

16         THE COURT:  All right, Mr. Sovik?

17         MR. SOVIK:  Well, I don't think that I

18    have any standing to object otherwise to the

19    motion.

20         THE COURT:  If the motion to sever is

21    granted, then the Amended Answer of Cornell

22    University, which includes the cross-claim

23    against the Defendant Dr. Darsie would have

24    to be stricken.  That is the Answer that con-

25    tains the claim over against Dr. Darsie,

isn't it?

MR. McCARTHY:  Right.

THE COURT:  And what would happen to Dr. Darsie's Amended Answer which contains what is titled as a Cross-Claim against Cornell?

MR. SOVIK:  I think that that is taken care of by the General Obligations Law insofar as it is an active claim that is no longer in the case.  And since Dr. Darsie has no claim against Cornell which he can collect upon, it may or may not be in the case, depending on what the proof develops insofar as an apportionment of Cornell's relative or proportionate culpable conduct is concerned.

I think that that has to await the development of the proof, and if there is some suggestion in the case or some proof that Cornell independently of Dr. Darsie was also guilty of culpable conduct, that would have to be submitted to the jury in their final instructions.

It is a little bit hard to predict, at this point, because we have not heard the proof.

1     THE COURT:  What you are saying is that

2     if that is submitted to the jury, then the

3     Defendant, Dr. Darsie, would be entitled to

4     have set off against whatever verdict the

5     jury might return, the percent of Cornell's

6     culpable conduct, or the $55,000, whichever

7     is greater?

8     MR. SOVIK:  Yes, that is the way I

9     understand that.

10    THE COURT:  Do you understand that, Mr.

11    Love?

12    MR. LOVE:  I believe that would be the

13    essence of the statute, Judge.

14    May we go off the record?

15    (Off-the-record discussion.)

16    THE COURT:  Back on the record.  I will

17    grant the motion to sever the two actions,

18    and those actions are 77-CV-279 and 79-CV-92.

19    And I will approve the settlement in the

20    amount of $55,000.

21    MR. LOVE:  However, I would like to pre-

22    sent this settlement to Mr. Black as Administra-

23    tor of his son, Christopher Black's, estate.

24    THE COURT:  That is all right.

25    (Whereupon Mr. Jack Black was brought into chambers.)

1         THE COURT:  Mr. Black, I have just been

2    informed by Counsel that you as Administrator

3    of your son's estate are willing to accept a

4    sum of $55,000 in full settlement of the

5    action that you have brought against Cornell

6    University.  Is that correct?

7         MR. BLACK:  That is correct.

8         THE COURT:  As I understand, Mr. Black,

9    that in the event that the case is tried

10    against Mr. Paul Darsie, that that $55,000

11    can be used in mitigation of any judgment

12    that you receive against Mr. Darsie?

13         MR. BLACK:  Mr. Love has explained that

14    to me and I understand it.

15         THE COURT:  The jury will be requested

16    certainly by Mr. Sovik, and Counsel for Dr.

17    Darsie, that is they determine the percent of

18    culpable conduct that might be attributed to

19    Cornell University, and that that percent or

20    the $55,000, whichever is higher, is to be

21    deducted from any verdict that they bring in

22    against Dr. Darsie.

23         MR. BLACK:  Mr. Love has explained that

24    to me, too, and I understand it.

25         THE COURT:  And you as Administrator

8

1   would approve the settlement with Cornell

2   University?

3           MR. BLACK:  Yes, I do.

4           THE COURT:  Thank you.  Is there any-

5   thing further, Gentlemen?

6           MR. McCARTHY:  No.

7           MR. SOVIK:  No.

8   (Whereupon the proceedings in chambers were concluded.)

9   * * * * * * * * * * * * * * * * * * * * * * * * * * * *

10

11              C E R T I F I C A T E

12

13           I, HIRAM SHEFFER, JR., Official Shorthand

14   Reporter for the United States District Court,

15   Northern District of New York, do hereby CERTIFY

16   that the foregoing record taken by me at the time

17   and place noted in the heading hereof is a true

18   and correct transcript of the same, to the best

19   of my ability and belief.

20

21

22

23                    HIRAM SHEFFER, JR.

24

25